THIGPEN *et al. v.* ALDRIDGE.

The evidence being conflicting, there was no abuse of discretion in granting the interlocutory injunction prayed for.

July 10, 1893.                              *Judgment affirmed.*

Petition for injunction, etc. Before Judge SWEAT. Ware county. At chambers, March 3, 1893.

Aldridge by his petition alleged: In January, 1892, he contracted by parol with Barber to buy twenty acres of land (described) for $60, and in good faith went into possession and erected improvements (described) of the value of $185. He has paid $15 of the purchase money, and now tenders the balance, though it is not due. He relied on the promises of Barber to execute to him good and sufficient title to the land, but Barber refuses to make him a deed according to the contract, and has sold the land to Thigpen with all the improvements and timber thereon. Thigpen had full knowledge of the facts, and he and Barber have confederated to defraud petitioner. Thigpen is threatening to enter on the land and cut and carry away all the pine timber thereon, etc.

Barber answered: He made a parol contract with plaintiff to sell him the land for $60 which he was to pay by January 1, 1893, and was to have a deed upon such payment; but in default of such payment on January 1, 1893, Barber was to have the premises with all the improvements. Under this contract plaintiff went into possession and made improvements of small value.

He has never paid anything on the purchase price, except corn worth $9. When the time arrived for the payment of the balance due, he was unable to meet his engagement, was informed that Barber was going to trade the property to Thigpen, and made no objection. Upon his failure to pay according to the agreement, Barber sold the property to Thigpen for full value and made him a deed, in good faith and without any intention to defraud plaintiff, who has never tendered the purchase money due.—Thigpen answered, that he purchased the property in good faith, without intending to defraud plaintiff; and that he was informed by Barber that plaintiff had failed to perform his contract and had forfeited his claim upon the land, and that Barber had a right to sell it, as he had not given plaintiff any bond for titles or other writing.

The hearing was upon the petition and answers, and an affidavit by plaintiff substantially to the same effect as his petition, with the addition that there had never been any rescission of the parol contract. The deed from Barber to Thigpen was introduced, which recited a consideration of $900 and conveyed 393 acres, including the land claimed by plaintiff. The judge granted a temporary injunction, restraining defendants from cutting or removing any of the timber, from interfering with the possession of plaintiff, and from any further sale of the land or transfer of the title.

L. A. WILSON, for plaintiffs in error.

L. L. THOMAS, contra.